WEAVER *v.* IRONS.

GARNISHMENT — DISCLOSURE — CHECKS — BLANK INDORSEMENT —
OWNERSHIP.

The disclosure of a garnishee stated that the principal defend-
ant gave him a bank check payable to, and indorsed in blank
by, a third person, and requested him to see if it was good;
that he inclosed it in a letter to the bank, and thereafter
received a draft from the bank, payable to himself, which
draft was in his possession when the garnishee process was
served on him, but was afterwards returned by him to the
bank. *Held*, that, in the absence of any evidence to show
that the check did not belong to defendant, a judgment
against the garnishee was proper.

Error to Ogemaw; Sharpe, J. Submitted January 9,
1902. Decided January 28, 1902.

Garnishment proceedings by Henry Weaver against
Archie C. Irons, as garnishee of Robert Jackman. From
a judgment for plaintiff, defendant brings error. Af-
firmed.

*F. L. Snodgrass,* for appellant.

*Ross & Harris,* for appellee.

HOOKER, C. J. Irons was garnished at the suit of
Weaver, who had brought *assumpsit* against Jackman,
in justice's court. Irons made a disclosure. A judg-
ment was rendered in justice's court in favor of the plain-
tiff for $69 damages and $10 costs in the principal action.
The record shows that a judgment was rendered by the
justice in the garnishment suit after a supplemental dis-
closure was filed, and the matter was brought to trial
before the circuit court on appeal. The judge filed a
written finding of facts and law, and rendered a judg-
ment in favor of the plaintiff, upon which the defendant
has brought error.

The finding shows, in brief, that the disclosure stated that a short time before June 1, 1901, Jackman handed Irons, in West Branch, a check for $150 drawn on a bank in Bay City, payable to a Mr. McDole, and indorsed by him in blank, and asked Irons to see if it was good, and said he would pay him for his trouble. Irons wrote a letter to the bank, and inclosed the check, and gave them to Jackman. Soon after, he received by mail a letter from the bank, inclosing a draft for $149.75, payable to the order of Irons; and this was in his possession when the garnishee summons was served upon him, but was afterwards returned by him to the bank. From this showing the court found that the draft was the property of Jackman, although he might have had the right to demand the check from the bank in place of the draft, and that the plaintiff was entitled to a judgment against Irons. The court refused to amend his findings in accordance with proposed findings filed, and defendant has excepted. These proposed findings we need not discuss, further than to say that the substance of them is inferable from the findings filed.

Counsel insists that the court could not lawfully presume that the check was the property of Jackman, or that he had any interest in the draft; that neither was money; and that he erred in his conclusions of law. The learned circuit judge treated the disclosure as *prima facie* proof that Jackman, having a check indorsed in blank, was its owner. The draft was payable to Irons, and placed within his control the check, or the money represented by either. If neither Irons nor Jackman chose to contradict the *prima facie* case by testifying what the transaction really was, and who owned the check, the court could do no less than to render the judgment which was rendered.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.